COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Agee and Senior Judge Hodges
Argued at Chesapeake, Virginia


EDGAR ROLAND BARFIELD

MEMORANDUM OPINION* BY
v.    Record No. 1050-00-1        JUDGE JAMES W. BENTON, JR.
                                     FEBRUARY 20, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  A. Bonwill Shockley, Judge

            Shawn R. Salyer (Louis W. Kershner &
            Associates, P.C., on brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


        The sole issue presented by this appeal is whether the

evidence was sufficient for the trial judge to convict Edgar

Barfield of abduction in violation of Code § 18.2-47.  We affirm

the conviction.

                                I.

        "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

inferences fairly deducible therefrom."  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  So

_____
        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

viewed the Commonwealth's evidence proved that a boy, who was eight years old, was fighting Barfield's son, who was six years old, when Barfield arrived. After Barfield got out of his car to make an inquiry, the boy ran. Barfield chased and caught the boy and loudly asked why he had taken Barfield's son's knives. When the boy denied taking the knives, Barfield said he intended to take the boy home to his parents. The boy said "No" and held onto a fence to resist being taken. Barfield then grabbed the boy by the waist and forcefully pulled him from the fence. He then carried the boy to his car.

At the car, the boy freed himself and moved to the middle of the street. Barfield again grabbed the boy and held him to the ground. One witness testified that Barfield "held [the boy] on the ground" such that the boy "was on his belly, and . . . Barfield took both of his hands and set them on the [boy's] back and just held them there." Barfield held the boy in this manner "for about a minute." Another witness "saw a child being hurt and being held down by an adult." She testified that Barfield was holding the boy who had moved into a fetal position. A witness testified that Barfield told his son to kick the boy's head and held the boy while his son kicked him. Barfield then released the boy, ran to his vehicle, and drove away.

Barfield later told the police that when he arrived from work, his son was crying and complaining that the boy, who was the son's friend, had stolen knives from their house. Barfield said

-

he tried to take the boy home to his parents but the boy refused to go.  Barfield then related the following events:

> I had him by one arm; and I said [to my son], slap him.  He was getting on a bicycle, and [my son] pushed him off.  I said, If you were my boy, I would whip your ass.  [My son] might have kicked him.  I continued to talk to him for a little bit, and then . . . [my son] may have slapped him, and he fell to the ground, and he may have kicked him.  I never held him down.  I just had him by one arm and that was just to keep him from kicking and stabbing me with a fork. . . .  There was a thirteen-year-old boy.  He may have kicked him upside down and shook him.

At the conclusion of the evidence, the trial judge convicted Barfield of abduction.  This appeal followed.

## II.

In pertinent part, Code § 18.2-47 provides as follows:

> Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of "abduction" . . . .

Citing Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), Barfield contends that the evidence was insufficient to convict him of abduction because the amount of force he used was incidental to an assault.  The holding in Brown is not germane to the resolution of this appeal.  The issue in Brown concerned whether the conviction for abduction constituted double jeopardy

-

where the accused was convicted of both abduction and rape.  See id. at 312-13, 337 S.E.2d at 713.  The Court held as follows:

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Id. at 314, 337 S.E.2d at 714.  Here, however, Barfield was charged with and convicted of only the offense of abduction.  We only need to determine whether the evidence was sufficient to prove abduction as defined in Code § 18.2-47.

Construing Code § 18.2-47, the Supreme Court held as follows:

> Code § 18.2-47 supersedes the common law.  We shall construe it according to its plain meaning and evident intent.  Because it casts its several prohibited acts in the disjunctive, each is independently sufficient to support a conviction.  Accordingly, the physical detention of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception, without any asportation of the victim from one place to another, is sufficient. . . .
>
> We recognize . . . that in rape, robbery, and assault cases there is usually some detention, and often a seizure, of the victim.  The constitutional problems which may be created by such an overlapping of crimes are, however, not before us for decision in this case.

-

Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984).

Several witnesses testified that Barfield restrained the boy on the ground while his son kicked the boy. One of the witnesses heard Barfield tell his son to kick the boy and testified that Barfield's son kicked the boy's head for approximately a minute while Barfield held the boy. Barfield's own statement to the police, while denying that he restrained the boy on the ground, relates that Barfield held the boy and told his son to slap him. This evidence was sufficient for the trial judge to find beyond a reasonable doubt both that Barfield detained the boy and that he did so with the intent to deprive the boy of his personal liberty while his son, at Barfield's direction, assaulted the boy.

Barfield argues that Johnson v. Commonwealth, 221 Va. 872, 275 S.E.2d 592 (1981), requires that we reverse his conviction. In that case, the Supreme Court reversed a conviction for abduction because an intruder held a woman "in furtherance of his sexual advances and not with the intent to deprive her of her personal liberty, although such a deprivation did occur momentarily." Id. at 879, 275 S.E.2d at 597. The intruder, as shown by his actions, had no intention of detaining because he released her when she resisted. In this case, Barfield not only detained the boy, but he had the requisite intent to make that detention a crime. He held the boy on the ground while ordering

-

his son to kick him.  This action satisfies the requirements of Code § 18.2-47.

Accordingly, we affirm the conviction.

Affirmed.

-